# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

REPUBLICAN NATIONAL COMMITTEE AND REPUBLICAN PARTY OF PENNSYLVANIA,

        Petitioners

        v.

AL SCHMIDT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE COMMONWEALTH, AND ALL 67 COUNTY BOARDS OF ELECTIONS (ADAMS COUNTY BOARD OF ELECTIONS; ALLEGHENY COUNTY BOARD OF ELECTIONS; ARMSTRONG COUNTY BOARD OF ELECTIONS; BEAVER COUNTY BOARD OF ELECTIONS; BEDFORD COUNTY BOARD OF ELECTIONS; BERKS COUNTY BOARD OF ELECTIONS; BLAIR COUNTY BOARD OF ELECTIONS; BRADFORD COUNTY BOARD OF ELECTIONS; BUCKS COUNTY BOARD OF ELECTIONS; BUTLER COUNTY BOARD OF ELECTIONS; CAMBRIA COUNTY BOARD OF ELECTIONS; CAMERON COUNTY BOARD OF ELECTIONS; CARBON COUNTY BOARD OF ELECTIONS; CENTRE COUNTY BOARD OF ELECTIONS; CHESTER COUNTY BOARD OF ELECTIONS; CLARION COUNTY BOARD OF ELECTIONS; CLEARFIELD COUNTY BOARD OF ELECTIONS; CLINTON COUNTY BOARD OF ELECTIONS; COLUMBIA COUNTY BOARD OF ELECTIONS; CRAWFORD COUNTY BOARD OF ELECTIONS; CUMBERLAND COUNTY BOARD OF ELECTIONS; DAUPHIN COUNTY BOARD OF ELECTIONS; DELAWARE COUNTY

: No. 108 MM 2024

BOARD OF ELECTIONS; ELK COUNTY          :
BOARD OF ELECTIONS; ERIE COUNTY         :
BOARD OF ELECTIONS; FAYETTE             :
COUNTY BOARD OF ELECTIONS;              :
FOREST COUNTY BOARD OF                   :
ELECTIONS; FRANKLIN COUNTY BOARD        :
OF ELECTIONS; FULTON COUNTY             :
BOARD OF ELECTIONS; GREENE              :
COUNTY BOARD OF ELECTIONS;              :
HUNTINGDON COUNTY BOARD OF              :
ELECTIONS; INDIANA COUNTY BOARD         :
OF ELECTIONS; JEFFERSON COUNTY          :
BOARD OF ELECTIONS; JUNIATA             :
COUNTY BOARD OF ELECTIONS;              :
LACKAWANNA COUNTY BOARD OF              :
ELECTIONS; LANCASTER COUNTY             :
BOARD OF ELECTIONS; LAWRENCE            :
COUNTY BOARD OF ELECTIONS;              :
LEBANON COUNTY BOARD OF                  :
ELECTIONS; LEHIGH COUNTY BOARD OF       :
ELECTIONS; LUZERNE COUNTY BOARD         :
OF ELECTIONS; LYCOMING COUNTY           :
BOARD OF ELECTIONS; MCKEAN              :
COUNTY BOARD OF ELECTIONS;              :
MERCER COUNTY BOARD OF                   :
ELECTIONS; MIFFLIN COUNTY BOARD         :
OF ELECTIONS; MONROE COUNTY             :
BOARD OF ELECTIONS; MONTGOMERY          :
COUNTY BOARD OF ELECTIONS;              :
MONTOUR COUNTY BOARD OF                  :
ELECTIONS; NORTHAMPTON COUNTY           :
BOARD OF ELECTIONS;                      :
NORTHUMBERLAND COUNTY BOARD OF          :
ELECTIONS; PERRY COUNTY BOARD OF        :
ELECTIONS; PHILADELPHIA COUNTY          :
BOARD OF ELECTIONS; PIKE COUNTY         :
BOARD OF ELECTIONS; POTTER              :
COUNTY BOARD OF ELECTIONS;              :
SCHUYLKILL COUNTY BOARD OF              :
ELECTIONS; SNYDER COUNTY BOARD          :
OF ELECTIONS; SOMERSET COUNTY           :
BOARD OF ELECTIONS; SULLIVAN            :
COUNTY BOARD OF ELECTIONS;              :
SUSQUEHANNA COUNTY BOARD OF             :
ELECTIONS; TIOGA COUNTY BOARD OF        :
ELECTIONS; UNION COUNTY BOARD OF        :

ELECTIONS; VENANGO COUNTY BOARD : OF ELECTIONS; WARREN COUNTY : BOARD OF ELECTIONS; WASHINGTON : COUNTY BOARD OF ELECTIONS; WAYNE : COUNTY BOARD OF ELECTIONS; : WESTMORELAND COUNTY BOARD OF : ELECTIONS; WYOMING COUNTY BOARD : OF ELECTIONS; AND YORK COUNTY : BOARD OF ELECTIONS), :
:
     Respondents   :

## CONCURRING STATEMENT

**JUSTICE BROBSON**        **FILED:  October 5, 2024**

I agree with the *per curiam* disposition of this matter.  As this Court stated in *New PA Project Education Fund v. Schmidt* (Pa., No. 112 MM 2024, filed Oct. 5, 2024) (PCO), "[t]his Court will neither impose nor countenance substantial alterations to existing laws and procedures during the pendency of an ongoing election."[1]

Petitioners do raise some important questions with respect to the authority of county boards of election to create and implement their own "notice and cure" procedures under the Election Code[2] absent express legislative authority to do so and, if they do, whether the varied "notice and cure" practices and policies from county-to-county violate

---

[1] *See Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006) (per curiam) ("Court orders affecting elections, especially conflicting orders, can themselves result in voter confusion and consequent incentive to remain away from the polls.  As an election draws closer, that risk will increase."); *See also Crookston v. Johnson*, 841 F.3d 396, 398 (6th Cir. 2016) ("Call it what you will—laches, the *Purcell* principle, or common sense—the idea is that courts will not disrupt imminent elections absent a powerful reason for doing so.").

[2] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2601-3556.

Article I, Section 5[3] and/or Article VII, Section 6[4] of the Pennsylvania Constitution. That said, the 2024 General Election is underway. Petitioners, however, could have pursued these challenges in a more-timely fashion. Deciding these questions at this point would, in my view, be highly disruptive to county election administration. Moreover, I can see the potential need to develop a factual record in this matter, which could prove difficult in the compressed timeframe available to us.

The decision to deny the application, however, does not mean that these important questions should not be decided in advance of future elections. Petitioners, or anyone else with standing for that matter, may present these challenges after the impending election for consideration by an appropriate court with appropriate parties in the ordinary course.

Justice Mundy joins this concurring statement.

---

[3] "Elections shall be free and equal; and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage." Pa. Const. art. I, § 5.

[4] "All laws regulating the holding of elections by the citizens, or for the registration of electors, shall be uniform throughout the State . . . ." Pa. Const. art. VII, § 6.